### BENJAMIN · KEAN *versus* JONATHAN STETSON.

A vote of a town that the selectmen snall lay out a particular town way, is unauthorized and improper, it being the intention of the statute that the selectmen shall exercise their own discretion upon the subject.

The acceptance of a town way should take place at a town-meeting called for that purpose after the laying out, and by a warrant containing notice that the report of the selectmen in regard to a way laid out by them is to be considered at such meeting.

Selectmen have no authority to lay out a landing place or a town way between high water mark and the channel of a navigable river.

TRESPASS for breaking and entering the plaintiff's close in Marshfield, described as a wharf and landing place, bounded on three sides by the navigable waters of North river, and taking, carrying away, and converting to the defendant's use, the plaintiff's store thereon standing.

Pleas, 1. the general issue ; and 2. a justification that the *locus in quo* is a town way laid out by selectmen of Marshfield, and that the defendant entered under the surveyor of highways and removed the store as an incumbrance.

Replication to the second plea, denying that there was any such town way ; and issue joined thereon.

A trial was had before *Morton* J. By the records of Marshfield offered in evidence on the part of the defendants, it appeared, that pursuant to a warrant dated the 11th of February, 1824, for a town meeting, to hear the petition of C. Hatch and others, that the town would lay out a road or landing place on the spot where the new wharf is, by the North river, (the *locus in quo*,) the inhabitants assembled on the 1st of March, and voted " to lay out a road running from the old road to the North river channel, where the new wharf is ; " that the selectmen laid out the way accordingly on the 18th of March, and that their report thereof was accepted by a vote of the town at the same town meeting held by adjournment on the 5th of April.

This evidence was objected to by the plaintiff, but was admitted for the purpose of bringing before the whole Court the questions of law arising out of the declaration and pleadings, and the sufficiency of the evidence to support the way

as pleaded ; and by consent a verdict was taken for the defendant, subject to the opinion of the whole Court.

*Eddy*, for the plaintiff, contended that the selectmen of a town have no authority to lay out a public landing place, or a town way below high water mark of a navigable river.  *Commonwealth* v. *Tucker*, 2 Pick. 44 ; *Bethum* v. *Turner*, 1 Greenl. 111 ; *Commonwealth* v. *Charlestown*, 1 Pick. 185 ; *Arundel* v. *M'Culloch*, 10 Mass. R. 70 ; 2 Dane's Abr. 695. He also objected to the regularity of the proceedings of the town and the selectmen, as will sufficiently appear in the opinion of the Court.

*Beal*, on the same side.

*Baylies*, for the defendant.

The opinion of the Court was drawn up by

PARKER C. J.   We think the proceedings of the selectmen and of the town were not such as will legally establish the way which is set up in defence to the action.   By the statute of 1786, *c.* 67, the selectmen of the several towns are authorized and empowered to lay out particular and private ways for the use of their towns.   This act is to be done by them independently of the town, and without any direction or previous vote of the inhabitants.   After this is done, there is to be a report to the town, at some public meeting of the inhabitants thereof, regularly notified and warned ; at which meeting, if the way reported be approved and allowed, it becomes established as a town way ; otherwise the laying out by the selectmen is inoperative.   Now this course, so simple, was in no manner pursued.   The first step taken was to make application to the town, and then a vote was obtained, and the selectmen, instead of exercising their own judgment, were directed to lay out the way.   And their report was made to the same town meeting held by adjournment, which meeting was not regularly notified in the sense required by the statute ; for undoubtedly it was intended that such notification or warning should contain notice, that a report of the selectmen in regard to a way laid out by them was to be considered at such meeting.   [See Anc. Chart. &c. 459.]

The purposes of the statute are frustrated by this course of proceeding.   It was intended that parties interested should

*Kean*
*v.*
*Stetson.*
*Oct. 26th*

*May term
1828, in
Plymouth.*

494

Kean
v.
Stetson.

have a fair hearing before the town, in the nature of an appeal from the judgment of the selectmen;[1] whereas by this course the town have prejudged the question, and the selectmen, instead of exercising their discretion, have acted merely ministerially in carrying into effect a previously adopted measure of the town. It is clear also, that the report of the select men is to be made to a meeting to be regularly notified and warned after the act of laying out is done, and not at an adjourned meeting, which of course could not have been called for the purpose.[2]

But there is a point in the case that goes deeper than this, which touches only the manner in which legal authority has been exercised, and which, therefore, if there were no other objection to the town way set up in defence, might be corrected by new proceedings. It appears by the record of the doings of the selectmen, that the way laid out by them is between high water mark and the channel of a navigable river, over ground which was mostly covered by a wharf and store, of which the plaintiff claims the property. We do not believe there is any authority given by the statute, to appropriate the shore or flats of a navigable river to the use of the inhabitants of a town in the form of a way or road. It cannot be wanted for any of the common purposes of a road, and cannot be constructed so as to be used as such without interrupting more or less the public right of passage up and down the river. The whole river included within high water mark on each side, is a public highway,[1] and in many small streams where the tide ebbs and flows, the channel itself would be wholly useless for purposes of navigation, if vessels should be limited to that, as they would be if towns on each side were to build up their roads to the edge of the channel. Proprietors themselves of the banks have no right to erect

---

[1] See *Howard* v. *Hutchinson*, 1 Fairfield, 341, *et seq.*; *Harlow* v. *Pike*, 3 Greenl. 438; *Trustees of Belfast Academy* v. *Salmond*, 2 Fairfield, 114; Revised Stat. *c*. 24, § 67.

[2] *Howard* v. *Hutchinson*, 1 Fairfield, 345; Revised Stat. *c*. 24, § 69. See *Todd* v. *Rome*, 2 Greenl. 55; *Trustees of Belfast Academy* v. *Salmond*, 2 Fairfield, 114; *Jones* v. *Andrews*, 9 Pick. 146; *Robbins* v. *Bridgewater*, 6 N. Hamp. R. 525, 526.

[1] See *Ingraham* v *Wilkinson*, 4 Pick. 271.

wharves or other obstructions between high and low water mark, if thereby the passage for vessels and boats would be materially straitened and injured. A public highway cannot be laid out across a navigable stream, except by a license from the legislature. Why? Because it will destroy an existing highway, the river itself, in which all the citizens have an interest. A town then, for the same reason, cannot lay out a way on the shore between high and low water mark; for though it may not entirely, it will essentially impair the public easement in the stream. It is true individuals may acquire the right by grant or prescription, or under the ordinance of 1641, to occupy flats with wharves and stores, but this is always on condition that the navigation of the stream be not materially impaired; if it be, such erections are a nuisance.[2] Landing places have in some towns existed by immemorial usage on the banks, and perhaps on the shores of creeks or rivers, but towns have no right to create them either as such, or under the pretence of laying out a way. The attempt in this case to convert a wharf into a town way, effectually shows the wisdom of withholding such powers from towns.

---

[2] See 3 Kent's Comm. (3d ed.) 432, n. *a*, *Ingraham* v. *Wilkinson*, 4 Pick. 271, 272.